UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CAROLINE R.,

                Plaintiff,

v.

                5:21-CV-0360
                (GTS/ATB)

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

APPEARANCES:                                    OF COUNSEL:

OLINSKY LAW GROUP                  HOWARD D. OLINSKY, ESQ.
  Counsel for Plaintiff
250 South Clinton Street, Suite 210
Syracuse, New York 13202

SOCIAL SECURITY ADMINISTRATION     NATASHA OELTJEN, ESQ.
  Counsel for Defendant                      Special Assistant U.S. Attorney
Office of the General Counsel
6401 Security Boulevard
Baltimore, Maryland 21235

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

Currently before the Court, in this Social Security action filed by Caroline R. ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the Commissioner") pursuant to 42 U.S.C. § 405(g), are the following: (1) the Report and Recommendation of United States Magistrate Judge Andrew T. Baxter recommending that Plaintiff's motion for judgment on the pleadings be denied, and that Defendant's motion for judgment on the pleadings be granted; (2) Plaintiff's objections to the Report and Recommendation; and (3) Defendant's response to

Plaintiff's objections. (Dkt. Nos. 19, 20, 21.) For the reasons set forth below, the Report and Recommendation is accepted and adopted in its entirety.

## I. MAGISTRATE JUDGE BAXTER'S REPORT-RECOMMENDATION

Generally, in his Report-Recommendation, Magistrate Judge Baxter rendered two findings of fact and conclusions of law. (Dkt. No. 19.) First, Magistrate Judge Baxter found that, based on the ALJ's in-depth analysis and reliance on substantial evidence in the record, the ALJ did not err by determining Plaintiff's mental impairments to be non-severe at Step Two of the sequential evaluation. (*Id*. at 7-13.) In any event, Magistrate Judge Baxter found, even if there had been an error, it was harmless because the ALJ continued his sequential analysis and considered the mental impairment in his Residual Functional Capacity ("RFC") determination. (*Id*. at 13.) Second, Magistrate Judge Baxter found that the ALJ properly considered or incorporated the mild limitations caused by Plaintiff's mental impairments (as assessed at Step Two of the sequential analysis) into the RFC; and the ALJ's evaluation of the medical source statements provided by Plaintiff's treating providers was legally sufficient. (*Id*. at 13-27.)

## II. PLAINTIFF'S OBJECTIONS AND DEFENDANT'S RESPONSE

### A. Plaintiff's Objections to the Report-Recommendation

Generally, Plaintiff lodges two objections to Magistrate Judge Baxter's Report and Recommendation. (Dkt. No. 20.) First, Plaintiff argues that Magistrate Judge Baxter erred by finding that the ALJ had evaluated the opinion evidence in accordance with the relevant regulations, because critical portions of the explanations are absent. (*Id*. at 1-5.) For example, Plaintiff argues that, in (incorrectly) finding that the opinion of treating orthopedist Dr. Michael Clarke, M.D., was inconsistent with other evidence in the record and Plaintiff's reported daily

activities, the ALJ overlooked Plaintiff's post-surgery hip symptoms (which significantly impacted her ability to function for more than a year), failed to consider evidence showing significant impairments in her right knee, gave too much credence to Plaintiff's reports of daily activities (without considering the impact full-time work might have on her limitations), and failed to consider the fact that Dr. Clarke's opinion is supported by the opinions of Dr. John Michaels, M.D., and Physician's Assistant Joel Delaney. (*Id*.)

Second, Plaintiff argues that Magistrate Judge Baxter incorrectly relied on *Loucks v. Kijakazi*, No. 21-1749, 2022 WL 2189293, at *2 (2d Cir. June 17, 2022), an unpublished opinion that is unsupported by legal authority, to perform a supportability and consistency analysis in the absence of such an analysis by the ALJ. (*Id*. at 5-8.) More specifically, Plaintiff argues that Magistrate Judge Baxter's reliance on *Loucks* is improper because the Social Security Administration has adopted new regulations that require the *ALJ* to perform the supportability and consistency analysis (to assist adjudicators in determining the reasoning behind the ALJ's findings), and that do not shift the burden of analysis to defense counsel or a reviewing court (which would effectively deprive claimants of substantive regulatory protections and allow the Commissioner to violate the regulations with impunity). (*Id*.)

      **B.**      **Defendant's Response to Plaintiff's Objections**

In response to Plaintiff's objections, Defendant asserts two arguments. (Dkt. No. 21.) First, Defendant argues that Magistrate Judge Baxter properly deferred to the ALJ's evaluation of the opinion evidence (which found some of that opinion evidence unpersuasive after considering both the supportability and consistency factors). (*Id*. at 2-5.) For example, Defendant argues, the analysis that Plaintiff alleges is missing appears explicitly earlier in the

3

ALJ's decision. (*Id*. at 3-4.) Moreover, Defendant argues, Plaintiff's argues incorrectly that her daily activities do not contradict Dr. Clarke's opinion, and that the ALJ should have found Dr. Clarke's opinion more persuasive because of its similarity to the opinions of Dr. Michaels and PA Delaney (which the ALJ found to be unpersuasive and inconsistent with the medical opinions of consultative examiner Dr. Elke Lorensen, M.D., and state agency medical consultant Dr. A. Periakaruppan, M.D.). (*Id*. at 4.) Finally, Defendant argues, the ALJ adequately explained his finding that Plaintiff can perform a range of light work (i.e., her display of normal and nearly normal physical functioning, her lack of an assistive device, the reports of improvement in her physical conditions, the indications that she packed up and walked two miles to the store regularly, the limited treatment for her physical condition for most of 2019, indications that she did housework, drove, and shopped, and the reports that she can sit for up to two hours and lift up to 20 pounds). (*Id.* at 4-5.)

Second, Defendant argues that Magistrate Judge Baxter's finding of harmless error was proper because it was an alternative finding that was not necessary to his ultimate conclusion. (*Id*. at 5.) In any event, Defendant argues, the "error" committed by Magistrate Judge Baxter in relying on *Loucks* concerns not the *sufficiency* of the ALJ's analysis but merely the *organization* of that analysis (e.g., the fact that not all of the ALJ's analysis of Dr. Clarke's opinion appeared in the paragraph stating that opinion). (*Id*. at 6-7.) Finally, Defendant argues, Plaintiff's fears regarding the shifting of the burden of analysis are overblown, because the new regulations are in no way inconsistent with harmless-error analysis. (*Id*. at 7-8.)

### III.  APPLICABLE LEGAL STANDARD

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific written objections," and must be submitted "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *accord* 28 U.S.C. § 636(b)(1)(C). "A judge of the court shall make a *de novo* determination of those portions of the [Report and Recommendation] . . . to which objection is made." 28 U.S.C. § 636(b)(1)(C); *accord* Fed. R. Civ. P. 72(b)(2). "Where, however, an objecting party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Caldwell v. Crosset*, 09-CV-0576, 2010 WL 2346330, at * 1 (N.D.N.Y. June 9, 2010) (quoting *Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008)) (internal quotation marks omitted). Additionally, a district court will ordinarily refuse to consider an argument that could have been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp. 2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

IV.     ANALYSIS

After carefully reviewing the relevant filings in this action, including Magistrate Judge Baxter's thorough Report and Recommendation, and Plaintiff's Objections thereto, the Court can find no error in the portions of the Report and Recommendation to which Plaintiff has specifically objected, and no clear error in the remaining portions of the Report-Recommendation: Magistrate Judge Baxter employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (Dkt. No. 19.)  In particular, the Court rejects Plaintiff's Objections for the reasons stated by Defendant in her response.  *See, supra,* Part II.B. of this Decision and Order.  To those reasons, the Court adds three points, which are intended to supplement and not supplant those reasons.

First, in her first objection, Plaintiff suggests that, during his analysis of the consistency of Dr. Clarke's opinion, the ALJ relied merely on "all of the evidence now in the record, including the claimant's activities, as discussed above," which merely "describes Plaintiff's hip replacement in 2014, [and] right hip arthroplasty in 2018, with symptoms worsening after the second surgery." (Dkt. No. 20, at 1-2 [citing T. 26 and T.24].)  For the sake of brevity, the Court will not linger on the fact that this suggestion is inaccurate in that fails to account for the fact that, in the next sentence of his decision, the ALJ expressly relied also on "the content of Dr. Clarke's more recent treatment records, which state that the claimant is now doing well, with no hip-related complaints."  (*Id.* at 2 [citing "Ex. 22F, pages 1-4," contained at T. 806-09].)  More important, the evidence "discussed above" was not so limited; rather, the ALJ's discussion of this evidence spanned five pages of his decision (and included a discussion of Plaintiff's right hip and right knee, and her activities).  (T. 21-25.)  Simply stated, the ALJ's explanation was adequate to allow the Court to trace his reasoning.

6

Second, also in her first objection, Plaintiff argues that, during his analysis of the supportability of Dr. Clarke's opinion, the ALJ failed to consider the fact that Dr. Clarke's opinion is supported by the opinions of Dr. Michaels and PA Delaney. (Dkt. No. 20, at 4-5 [citing T. 710 and T. 888].) However, in the very next paragraph of his decision, the ALJ expressly found these opinions unpersuasive for reasons similar to those that he had found Dr. Clarke's opinion unpersuasive (including Plaintiff's activities of daily living and the evidence indicating that she is now without pain regarding her hips). (T. 26.) As a result, again, the Court finds that the ALJ's explanation was adequate to allow the Court to trace his reasoning.

Third, in her second argument, Plaintiff argues that Magistrate Judge Baxter effectively relied in error in *Loucks* to impermissibly conduct a *sua sponte* analysis of the supportability and consistency factors. *See, supra,* Part II.A. of this Decision and Order. The Court is not persuaded by this argument. The paragraph of the Report-Recommendation to which Plaintiff refers states in its entirety as follows:

> The ALJ's analysis of the aforementioned opinions reflects his consideration of the 'most important factors' under 20 C.F.R. § 404.1520c(a), namely supportability and consistency, in evaluating their persuasiveness. To the extent the ALJ's analysis of these factors was deficient in any respect, the error was harmless. *See Loucks v. Kijakazi*, No. 21-1749, 2022 WL 2189293, at *2 (2d Cir. June 17, 2022) (concluding that the ALJ's failure to sufficiently explain how it considered the supportability and consistency factors is harmless error where 'a searching review of the record' assures us 'that the substance of the [regulation] was not traversed.'). For example, *and as discussed at length by the ALJ in his decision*, plaintiff's own representations to the Agency, as well as those to her treatment providers, reflect her participation in a myriad of activities suggesting a physical functional capacity greater than that opined by plaintiff's treatment providers. (T. 22-23).

(Dkt. No. 19, at 24 [emphasis added].) In other words, in the sentence after Magistrate Judge Baxter's citation to *Loucks*, he expressly relies on the ALJ's lengthy discussion of the evidence

7

in his decision (with a citation to that discussion).  (*Id.*)  Moreover, in the three pages of the Report-Recommendation that follow, Magistrate Judge Baxter discusses evidence previously discussed by the ALJ.  (*See* Dkt. No. 19, at 25 [citing T. 806-09, 812, and 813, which are contained at Ex. 22F, which is cited on pages "7" and "11" of the ALJ's decision]; Dkt. No. 19, at 25 [citing T. 109-11, 127-29, and 701-04, which are contained at Exs. 1A, 3A and 12F, which are cited on pages "9" and "10" of the ALJ's decision]; Dkt. No. 19, at 25-26 [citing T. 765-69, and 893-97, which are contained at Exs. 17F and 27F, which are cited on page "11" of the ALJ's decision].)  Finally, based on its review of the case law, the Court agrees with Defendant that Plaintiff's fears regarding *Loucks* (i.e., that the misapplication of *Loucks* by district courts across the Second Circuit is, among other things, "eroding the efficacy of the regulations promulgated by the Commissioner") appears "overwrought." (*Compare* Dkt. No. 20, at 5 *with* Dkt. No. 21, at 7.)

      **ACCORDINGLY**, it is

      **ORDERED** that Magistrate Judge Baxter's Report and Recommendation (Dkt. No. 19) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

      **ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 15) is **DENIED**; and it is further

      **ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 18) is **GRANTED**; and it is further

      **ORDERED** that the Commissioner's determination is **AFFIRMED**; and it is further

      **ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED.**

Dated: September 28, 2022
       Syracuse, New York

                                              Glenn T. Suddaby
                                              U.S. District Judge